E-FILED
Thursday, 04 March, 2021  03:44:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 18-cr-30010 |
| ) | |
| KENNETH ARMSTRONG,    ) | |
| ) | |
| Defendant.    ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Kenneth Armstrong's pro se (d/e 48) and amended motion for compassionate release (d/e 49) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On November 22, 2019, Defendant pled guilty to Count 1 and 2 of the Indictment.  See Minute Entry dated November 22, 2019. Count 1 charged Defendant with conspiring to distribute 50 grams or more of actual methamphetamine on December 19, 2017, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  See

Indictment, d/e 9.  Count 2 charged Defendant with knowingly
possessing a firearm in furtherance of a drug trafficking crime on
December 1 and 13, 2017, in violation of 18 U.S.C. § 924(c)(1)(A)(i).
Id.  On June 16, 2020, Defendant was sentenced to 104 months'
imprisonment on Count 1 and 60 months' imprisonment on Count
2 to run consecutively to Count 1 and 5 years of supervised release
on Count 1 and 2 to run concurrently.  See Judgment, d/e 45.

Defendant is currently incarcerated at FCI Milan and has a
projected release date of October 14, 2029.  As of March 4, 2021,
the Bureau of Prisons (BOP) reports that FCI Milan currently has
zero inmates and two staff members with active cases of COVID-19.
See COVID-19 Cases, Federal Bureau of Prisons,
https://www.bop.gov/coronavirus/ (last accessed March 4, 2021).

On February 19, 2021, Defendant filed a pro se motion for
compassionate release (d/e 48) pursuant to 18 U.S.C. §
3582(c)(1)(A).  On February 25, 2021, following the appointment of
defense counsel to represent Defendant, an amended motion for
compassionate release (d/e 49) was filed.  Defendant seeks
compassionate release based on his health conditions and the
COVID-19 pandemic.

On March 1, 2021, the Government filed a response objecting to Defendant's motion for compassionate release.  See d/e 52.  The Government argues that Defendant is not entitled to compassionate release because Defendant's health and the COVID-19 pandemic do not rise to the level of extraordinary and compelling reasons and a reconsideration of the 18 U.S.C. §3553(a) factors do not warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." United States v. Sanford, No. 20-2445, 2021 WL 236622, at *3 (7th Cir.

2021).

In this case, Defendant submitted a request to the warden of FCI Milan on December 28, 2020, which was over 30 days ago.  <u>See</u> Request, d/e 48, p. 3.  The warden denied the request.  <u>See</u> d/e 48, p. 4; d/e 50, p. 1.  The Government concedes that Defendant has exhausted his administrative remedies.  <u>See</u> Response, d/e 52.  The Court finds that Defendant has met the 30-day requirement found in 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

Defendant argues that the presence of the disease at his facility warrants immediate release.  While the Court recognizes

that COVID-19 has infected his current facility, FCI Milan, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed March 4, 2021). As of March 4, 2021, the facility currently has only two staff members with COVID-19.  Id.  No inmates currently have the disease.  Id.  The facility has had 258 inmates and 78 staff members recover from the disease.  Id.  FCI Milan is not experiencing a serious outbreak of COVID-19 at this time.

Defendant also argues that if he contracts COVID-19, he will be at a higher risk of contracting serious complications or death due to his underlying health conditions.  Defendant is a 38-year-old male who suffers from asthma and pain from gunshot wounds and is overweight.  Defendant claims he has COPD and his family suffers from genetic heart disease.  However, Defendant has not presented evidence of being treated for COPD or having a genetic heart condition.  Defense counsel argues that one of the bullets hit Defendant's liver, which is evidence of liver damage, but this information was obtained from Defendant and is not corroborated

by the medical records.  Having asthma and being overweight may increase Defendant's risk, but such risk is unknown.  Id. ("Based on what we know at this time, adults of any age with the following conditions might be at an increased risk for severe illness from the virus that causes COVID-19: Asthma (moderate-to-severe) . . . Overweight (BMI > 25 kg/m2, but < 30 kg/m2) . . . .").  Even if Defendant had COPD, the Court's assessment would not change. The Court finds that the combination of Defendant's health conditions does not rise to the level of extraordinary and compelling reasons that warrant release.

The Court must also reconsider the 3553(a) factors. Defendant has over 8 years remaining on his sentence as he has a projected release date of October 14, 2029.  Defendant was sentenced pursuant to a negotiated plea agreement that was below the mandatory minimum, and releasing Defendant now would offend the seriousness of the crime.  Moreover, BOP assessed Defendant as having a high risk to reoffend.

Based on a reconsideration of the 3553(a) factors and the nature and circumstances of the offense, the Court finds that Defendant is not entitled to compassionate release.

### III. CONCLUSION

For those reasons, Defendant Kenneth Armstrong's pro se motion (d/e 48) and amended motion for compassionate release (d/e 49) are DENIED.

**ENTER:  March 4, 2021**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**